GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C. 280 N. OLD WOODWARD AVENUE, STE. 400, BIRMINGHAM, MICHIGAN 48009-5394 (248) 647-6000

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS,
a Michigan corporation,

Plaintiff,

v.

NATURES ONLY, INC.,
a California corporation,
CPB INTERNATIONAL, INC.,
a Pennsylvania corporation,
PHARMED MEDICARE,
a New York corporation,

Defendants.

Case No. 03-71666

Hon. John Corbett O'Meara

FILED
2003 SEP 23 P 2: 21
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

---

J. Michael Huget (P39150)
Laurie J. Michelson (P47214)
Michael Turco (P48705)
BUTZEL LONG
150 W. Jefferson, Suite 900
Detroit, MI 48226
(313) 225-7000
(313) 225-7080 (Facsimile)

*Attorneys for Plaintiff*

Douglas W. Sprinkle (P25326)
GIFFORD, KRASS, GROH, SPRINKLE,
ANDERSON & CITKOWSKI, P.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009-5394
(248) 647-6000
(248) 647-5210 (Facsimile)

*Attorneys for Defendant*
*CPB International, Inc.*

---

**DEFENDANT CPB INTERNATIONAL, INC'S. MOTION**
**TO DISMISS UNDER F.R.C.P. 12(B)(1), 12(B)(6) AND 12(C)**

NOW COMES the Defendant CPB International, Inc. and hereby moves this Court to dismiss the Complaint pursuant to F.R.C.P. 12(b)(1), 12(b)(6) and 12(c).

Counsel for the Defendant CPB attempted to obtain concurrence with the relief sought by the instant motion from Plaintiff's counsel on September 23, 2003, and such concurrence was not obtained. Therefore, it was necessary to file this motion.

GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C. 280 N. OLD WOODWARD AVENUE, STE. 400, BIRMINGHAM, MICHIGAN 48009-5394 (248) 647-6000

A brief in support of the instant motion is filed concurrently herewith.

The grant of the instant motion is earnestly solicited.

Respectfully submitted,

Douglas W. Sprinkle (P25326)
GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009-5394
(248) 647-6000
(248) 647-5210 (Facsimile)

*Attorneys for Defendant CPB International, Inc.*

Dated: 9/23/03

DWS/am

am–W:\Word Processing\dws\noa10070-mot'dis.doc

GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C. 280 N. OLD WOODWARD AVENUE, STE. 400, BIRMINGHAM, MICHIGAN 48009-5394 (248) 647-6000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS,
a Michigan corporation,

Plaintiff,

v.

NATURES ONLY, INC.,
a California corporation,
CPB INTERNATIONAL, INC.,
a Pennsylvania corporation,
PHARMED MEDICARE,
a New York corporation,

Defendants.

Case No. 03-71666

Hon. John Corbett O'Meara

FILED
2003 SEP 23 P 2:2?
U.S. DIST. COURT
EAST. DIST. MICH.
DETROIT

J. Michael Huget (P39150)
Laurie J. Michelson (P47214)
Michael Turco (P48705)
BUTZEL LONG
150 W. Jefferson, Suite 900
Detroit, MI 48226
(313) 225-7000
(313) 225-7080 (Facsimile)

*Attorneys for Plaintiff*

Douglas W. Sprinkle (P25326)
GIFFORD, KRASS, GROH, SPRINKLE,
ANDERSON & CITKOWSKI, P.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009-5394
(248) 647-6000
(248) 647-5210 (Facsimile)

*Attorneys for Defendant CPB International, Inc.*

**BRIEF IN SUPPORT OF DEFENDANT CPB INTERNATIONAL, INC.'S MOTION TO DISMISS UNDER F.R.C.P. 12(B)(1), 12(B)(6) AND 12(C)**

**Introduction**

This is the motion of the Defendant CPB International, Inc. ("CPB") in support of its motion to dismiss the action against CPB under F.R.C.P. 12(b)(1), 12(b)(6) and 12(c). Pursuant with the provisions of F.R.C.P. 12, since additional information is

GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C. 280 N. OLD WOODWARD AVENUE, STE. 400, BIRMINGHAM, MICHIGAN 48009-5394 (248) 647-6000

provided with this motion, it should be treated as a motion pursuant to F.R.C.P. 56; see, e.g. F.R.C.P. 12(c).

**Procedural Background**

The Complaint was filed on April 29, 2003 naming three Defendants, namely, Natures Only, Inc., CPB International, Inc. and Pharmed Medicare. To date, only CPB has been served with the Complaint.

After service of the Complaint on CPB, Plaintiff's counsel and Defendant CPB's counsel agreed to extend the time for answering the Complaint until September 23, 2003. Although there were settlement discussions between CPB and Plaintiff during the summer of 2003, those settlement discussions did not prove fruitful.

Although the Complaint sets forth three separate counts, federal jurisdiction, if any, rests upon Count I which sets forth a cause of action for violation of 15 U.S.C. §1125(a), commonly known as the Lanham Act. Specifically, the Complaint alleges that the Plaintiff sells a product known as "Chaser™" in a certain package that has distinctive trade dress. Plaintiff further alleges that the Defendants are marketing a product Cheers that is competitive with Plaintiff's product Chaser™ in packaging that "is identical to that of the CHASER packaging"; see Complaint, Paragraph 23. The Plaintiff further alleges that the trade dress selected by the Defendants for its Cheers product is "substantially identical to or substantially indistinguishable from, and is confusingly similar to Living Essentials' distinctive trade dress used with its CHASER product"; see Complaint, Paragraph 24.

The Plaintiff further alleges that the "Defendants began using Living Essentials' trade dress throughout the United States" (see Complaint, Paragraph 28) and that the

"use of Living Essentials' trade dress for Defendants' product causes a likelihood of confusion, deception and mistake and constitutes a false designation of origin and description in direct violation of 15 U.S.C. §1125(a)"; see Complaint, Paragraph 29.

Count II of the Complaint alleges a common law trade dress infringement under state law, while Count III alleges a violation of Michigan's Consumer Protection Act. However, the tortious activity alleged in Counts II and III is identical to the tortious activity alleged for Count I. Therefore, there is only need to discuss Count I of the Complaint, without which, there is no federal jurisdiction.

**Factual Background**

CPB is a seller of bulk nutritional supplies. CPB sells its nutritional supplies to manufacturers of consumer products. One of its customers includes the Co-Defendant, Pharmed Medicare. However, CPB does NOT sell the bulk nutritional supplies used in the accused infringing product Cheers to Pharmed. Rather, CPB sells other types of nutritional supplies to Pharmed as well as to its other customers; see Declaration of Steven Lukas, Exhibit A, Paragraph 2.

Except for a line of pet/human products which CPB began selling in September 2003, CPB does not engage in sales directly to consumers. Rather, CPB merely sells nutritional supplies in bulk to manufacturers who then use the bulk supplies in the manufacturing of their various products; see Exhibit A, Paragraph 3.

CPB has not sold Cheers or distributed Cheers in the United States. Furthermore, CPB has no present intention of ever selling or distributing Cheers in the United States; Exhibit A, Paragraph 4.

GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C. 280 N. OLD WOODWARD AVENUE, STE. 400, BIRMINGHAM, MICHIGAN 48009-5394 (248) 647-6000

GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C. 280 N. OLD WOODWARD AVENUE, STE. 400, BIRMINGHAM, MICHIGAN 48009-5394 (248) 647-6000

CPB has no ownership interest in either Natures Only or in Pharmed Medicare; see Exhibit A, Paragraph 5.

While CPB has no firsthand knowledge, it has been advised by Pharmed that Pharmed's Cheers product has not been sold nor offered for sale in the United States; Exhibit A, Paragraph 6.

**Argument**

The jurisdictional basis for Title 15 of the United States Code lies with the power of Congress to regulate commerce which affects the United States. Such commerce can be either interstate commerce, commerce affecting the territories of the United States as well as commerce between the United States and a foreign country. The corollary to this is that there is no jurisdictional basis under Title 15 to regulate commerce in foreign countries except in the extraordinary case where the foreign activity has a "substantial effect" on United States commerce; see *Atlantic Richfield v. Arco Globus International et al.*, 150 F.3d 189 (Second Cir. 1998).

As set forth in Paragraph 4 of the Complaint, Pharmed Medicare is an Indian company. However, contrary to the allegations set forth in Paragraph 4 of the Complaint, Pharmed Medicare has no offices or business presence in New York nor anywhere else in the United States. Likewise, contrary to the allegations of Paragraph 4 of the Complaint, Pharmed's principal, Mr. Sundeep Aurora, resides in India, not in the United States.

Contrary to the allegations of Paragraph 28, none of the Defendants, and certainly not the Defendant CPB, have distributed, sold, or offered for sale any of the

Cheers product in the United States. Likewise, contrary to the allegations set forth in Paragraph 19 of the Complaint, CPB is not a distributor of the Cheers product.

In short, since the Cheers product has neither been sold, offered for sale or distributed within the United States, there is simply no subject matter jurisdiction of this Court since none of the actions caused by the Defendants have in any way affected commerce in the United States.

Perhaps even more importantly, for the purposes of this motion, even if the other Defendants did manufacture and/or distribute the Cheers product in the United States, the Defendant CPB has no control over any such distribution and does not profit from any such distribution. In short, the Plaintiffs have simply sued the wrong party when they sued CPB.

For all the foregoing reasons, the Defendant CPB respectfully submits that this case should be dismissed.

Respectfully submitted,

Douglas W. Sprinkle (P25326)
GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009-5394
(248) 647-6000
(248) 647-5210 (Facsimile)

*Attorneys for Defendant CPB International, Inc.*

Dated: 9/23/03

DWS/am
am–W:\Word Processing\dws\noa10070-brf'mot'dis.doc

GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C. 280 N. OLD WOODWARD AVENUE, STE. 400, BIRMINGHAM, MICHIGAN 48009-5394 (248) 647-6000

GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C. 280 N. OLD WOODWARD AVENUE, STE. 400, BIRMINGHAM, MICHIGAN 48009-5394 (248) 647-6000

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT CPB INTERNATIONAL, INC.'S MOTION TO DISMISS UNDER F.R.C.P. 12(B)(1), 12(B)(6) AND 12(C), BRIEF IN SUPPORT OF DEFENDANT CPB INTERNATIONAL, INC.'S MOTION TO DISMISS UNDER F.R.C.P. 12(B)(1), 12(B)(6) AND 12(C) and DECLARATION OF STEVEN LUKAS were deposited with the United States Postal Service in a First Class, postage-prepaid envelope addressed to:

J. Michael Huget
Laurie J. Michelson
Michael Turco
BUTZEL LONG
150 W. Jefferson, Suite 900
Detroit, MI 48226

on this 23 day of September 2003.

Tammy E. Mayle

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS,
a Michigan corporation,

Plaintiff,

Case No. 03-71666

v.

Hon. John Corbett O'Meara

NATURES ONLY, INC.,
a California corporation,
CPB INTERNATIONAL, INC.,
a Delaware corporation,
PHARMED MEDICARE,
a New York corporation,

Defendants.

---

J. Michael Huget (P39150)
Laurie J. Michelson (P47214)
Michael Turco (P48705)
BUTZEL LONG
150 W. Jefferson, Suite 900
Detroit, MI 48226
(313) 225-7000
(313) 225-7080 (Facsimile)

*Attorneys for Plaintiff*

Douglas W. Sprinkle (P25326)
GIFFORD, KRASS, GROH, SPRINKLE,
ANDERSON & CITKOWSKI, P.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009-5394
(248) 647-6000
(248) 647-5210 (Facsimile)

*Attorneys for Defendant*
*CPB International, Inc.*

---

**DECLARATION OF STEVEN LUKAS**

I, Steven Lukas, declare the following to be true under penalty of perjury:

1. I am the Vice President of the Defendant CPB International, Inc. Except as otherwise specifically noted, I have personal knowledge of all of the facts set forth herein.



2. CPB is a seller of bulk nutritional supplies. CPB sells its nutritional supplies to manufacturers of commercial products. Pharmed Medicare also is a manufacturer of bulk raw ingredients which CPB represents in North America. However, CPB does not sell the bulk nutritional supplies used in the accused infringing product Cheers to Pharmed.

3. Except for a line of pet/human products which CPB began selling in early September, 2003, CPB does not engage in sales directly to consumers. Rather, CPB merely sells nutritional supplies in bulk to manufacturers who then use the bulk supplies in the manufacturing of their own various products.

4. CPB has not sold Cheers or distributed Cheers in the United States. Furthermore, CPB has no present intention of ever selling or distributing Cheers in the United States.

5. CPB has no ownership interest in either the Defendant Natures Only, Inc. or in the Defendant Pharmed Medicare.

6. Although I have no firsthand knowledge, I have been advised by Pharmed that Pharmed Cheers product has never been sold or offered for sale in the United States.

I further declare the foregoing to be true under penalty of perjury.

Steven Lukas

Dated: SEPT 20, 2003
DWS/am

am-W:\Word Processing\dws\nos10070-decl\ukas.doc