## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS.,
a Michigan corporation,

        Plaintiff,

v.

NATURES ONLY, INC.
a California corporation,
CPB INTERNATIONAL, INC.
a Pennsylvania corporation
PHARMED MEDICARE,
a New York corporation,

        Defendants.

Case No. 03-71666
Hon. John Corbett O'Meara
JURY TRIAL DEMANDED

_____ /

BUTZEL LONG
By:  J. Michael Huget (P39150)
      Laurie J. Michelson (P47214)
      Michael Turco (P48705)
150 W. Jefferson, Suite 900
Detroit, MI 48226
(313) 225-7000
Attorneys for Plaintiff

GIFFORD, KRASS, GROH,
SPRINKLE, ANDERSON & CITKOWSKI
By:  Douglas W. Sprinkle (P25326)
280 N. Old Woodward Ave.
Suite 400
Birmingham, MI 48009-5394
(248) 647-6000
Attorneys for Defendants

_____ /

## PLAINTIFF'S OPPOSITION TO DEFENDANT CPB INTERNATIONAL, INC.'S
## MOTION TO DISMISS

## TABLE OF CONTENTS

**Page**

Index of Authorities ................................................................................................................. ii

Issue .......................................................................................................................................... 1

Introduction.............................................................................................................................. 2

Background ............................................................................................................................... 3

Argument .................................................................................................................................. 4

    1. Standard of Review.......................................................................................................... 4

    2. The Court Has Subject Matter Jurisdiction..................................................................... 5

Conclusion ............................................................................................................................... 6

# INDEX OF AUTHORITIES

**Page(s)**

## Cases

*Accord Miller Brewing Co. v. Carling O'Keefe Breweries,*
    452 F. Supp. 429 (W.D.N.Y. 1978) ........................................................................6

*Hishon v. King & Spalding,*
    467 U.S. 69, 73 (1984) ..........................................................................................4

*Libbey Glass, Inc. v. Oneida Ltd.,*
    61 F. Supp. 2d 720 (N.D. Ohio 1999 ....................................................................5

*Sinay v. Lawson & Sessions Co.,*
    948 F.2d 1037, 1039-40 (6th Cir. 1991) ...............................................................4

*Sistrunk v. City of Strongsville,*
    99 F.3d 194, 197 (6th Cir. 1996). .........................................................................4

## Statutes

15 U.S.C. § 1121 ................................................................................................................5

15 U.S.C. § 1125 ................................................................................................................2

15 U.S.C. § 1125(a) ...........................................................................................................5

28 U.S.C. §1338(a) ............................................................................................................5

Fed. R. Civ. P. 12(b)(6).....................................................................................................4

## ISSUE

This Court clearly has subject matter jurisdiction over this federal question Lanham Act case which arises out of the Defendants' wrongful copying of Plaintiff Living Essentials' distinctive trade dress for use on the packages of its competing hangover-prevention product. The moving Defendant, CPB, has marketed and promoted the Defendants' product in the infringing trade dress at trade shows in the United States, has solicited sales in the United States and has distributed samples in the United States. Given that the "in commerce" requirement has clearly been satisfied, should Defendant's Motion to Dismiss for lack of jurisdiction be denied?

1

## INTRODUCTION

It is difficult to imagine a more blatant case of trade dress infringement. In an obvious attempt to trade off the goodwill and reputation of Living Essential's CHASER™ hangover-prevention product, Defendants marketed their competing hangover-prevention CHEERS product in a virtually identical package. The packages for these related products are so overwhelmingly similar that consumers cannot help but be confused. *See* Exhibit A. (*Compare also* Exhibit A, Tabs 1 and 2 to Verified Complaint). Such likelihood of confusion is the hallmark of a trade dress infringement action.

Because there is no viable defense on the merits of this infringement claim, Defendant CPB instead is trying to avoid liability on a procedural ground that the Court lacks subject-matter jurisdiction. This case, however, arises under the Lanham Act, 15 U.S.C. § 1125, which clearly confers jurisdiction in this Court. Moreover, the primary factual premise upon which CPB's Motion is based – that the Cheers product has never been distributed, sold or offered for sale in the United States – is simply untrue. In fact, CPB acknowledges that it has no first hand knowledge whether this is true. (CPB Brief at 4). Moreover, CPB itself has expressly offered the product for sale in the United States.

Accordingly, there is no basis for CPB's Motion and it should be denied.

## BACKGROUND

In 2001, after fifteen years of extensive research and development work and expenditures, Living Essentials began manufacturing and distributing a dietary-supplement caplet that helps prevent head-aches, nausea and other discomforts caused by consuming alcoholic beverages under the CHASER trademark. (*See* Verified Complaint). The CHASER caplets have become one of the best-selling hangover preventative products in the country. To create, build on and maintain the public's awareness and goodwill, Living Essentials does extensive advertising and promotion – including radio, television, print and billboards. (*See* examples of advertising in Chaser Brochure at Exhibit B to Complaint). The CHASER product is also promoted at the major health-product Trade Shows, such as the Natural Products Expo East and West.

It was at such a Trade Show in March 2003, as well as thru the web site www.2cheers.com, that Living Essentials became aware of Defendants' CHEERS product. The CHEERS product was expressly being marketed, promoted and offered for sale and distribution within the United States. Its packaging/trade dress was a blatant copy of the distinctive CHASER packaging/trade dress. *See* Exhibit A. In fact, every aspect of the CHEERS product was designed to confuse the consuming public into believing it was CHASER and/or in some way affiliated or associated with the CHASER product. In addition to the virtually identical packages on virtually identical products, Defendants use a similar display carton, a brochure that was copied from the CHASER brochure (*see* Exhibits C and D to Complaint), and a web site address -- www.2cheers.com – designed to trade off the Chaser website -- www.doublechaser.com (i.e., the use of "2" instead of "double").

Despite its representation to the contrary, Defendant CPB has indeed offered the CHEERS product for sale and distributed it within the United States. In addition to its marketing efforts at the United States trade shows, CPB sales managers actively solicit sales in the United States. For example, on April 1, 2003, a CPB Sales Manager sent a letter to a Michigan resident which references the trade show in California, acknowledges that CHEERS is a CPB product, gives specific pricing information and directions for ordering the CHEERS product and even *encloses samples* of the CHEERS product. (*See* Exhibit B). The CHEERS web site and marketing materials which are accessible in the United States likewise provide contact information for obtaining the product.[1]

Accordingly, this Court clearly has subject matter jurisdiction and Defendant's Motion to Dismiss should be denied.

## ARGUMENT

### 1.   Standard of Review

When analyzing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take a plaintiff's well-pleaded allegations as true. *See, e.g., Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). "When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Sinay v. Lawson & Sessions Co.*, 948 F.2d 1037, 1039-40 (6th Cir. 1991). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Living Essential's Complaint adequately and accurately sets forth a viable claim of trade dress infringement against all Defendants.

---

[1] Additionally, it is likely that discovery will confirm that this product has been distributed and/or sold into the United States.

## 2.    The Court has Subject Matter Jurisdiction

Subject-matter jurisdiction is the power of a federal court to hear a case properly before it. Federal question jurisdiction over trade dress infringement claims exists under the Federal Lanham Act, 15 U.S.C. § 1125. In fact, 15 U.S.C. § 1121 and 28 U.S.C. §1338(a) confer upon federal district courts original jurisdiction over actions arising under trademark laws, including the Lanham Act.

Unregistered trade dresses are protectable under § 43(a) of the Lanham Act which provides a private cause of action against any person who "in connection with any goods . . . or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods . . . by another person.  15 U.S.C. § 1125(a).

Defendant CPB's contention appears to be that the "in commerce" requirement is not satisfied.  More specifically, Defendant appears to be challenging extra-territorial jurisdiction. That issue, however, is irrelevant.[2]    It is based on the entirely faulty premise that Defendants have not engaged in any efforts to promote, distribute or sell CHEERS in the United States.  As discussed above, the CHEERS product is promoted on a web site that is accessible in the United States.  Representatives of CPB have promoted the product at trade shows in the United States.

---

[2] As one Court in this Circuit aptly explained, "The Lanham Act confers broad jurisdictional powers on the courts of the United States.  American courts may apply the Lanham Act to conduct occurring outside of the borders of the United States to prevent harm to 'all commerce which may lawfully be regulated by Congress.'  Thus, the Lanham Act may extend to entirely foreign commerce which has a substantial effect on commerce between the states or between the United States and foreign countries." *Libbey Glass, Inc. v. Oneida Ltd.*, 61 F. Supp. 2d 720 (N.D. Ohio 1999) (citations omitted).  Thus, while the Lanham Act can and does apply to foreign conduct, the Court need not delve into that complicated issue here given that Defendants have clearly engaged in infringing conduct within the United States.

*See* Affidavit of Tom Morse at Exhibit C. *Accord Miller Brewing Co. v. Carling O'Keefe Breweries*, 452 F. Supp. 429 (W.D.N.Y. 1978) (jurisdiction found where Canadian firm advertised product over Buffalo, New York television station). The Defendants have also promoted the product to United States' customers/consumers at international trade shows. Even more fatal, Sales Managers of CPB have actively solicited sales of CHEERS in the United States – giving specific pricing and ordering information – and have distributed samples of the CHEERS product to a Michigan resident. *See* Exhibit B.

CPB's contention that neither Defendant Pharmed nor its principal Mr. Sundeep Aurora reside or have business addresses in the United States is equally untrue. In fact, at one of the trade shows involving both the CHASER and CHEERS products, Mr. Aurora gave a business card to the President of Living Essential's which contained the New York address listed in the Complaint. (*See* Exhibit D). This was also the address where Plaintiff's process server was able to locate Mr. Aurora (and where Mr. Aurora indicated he should leave the summons and complaint with the doorman. (*See* Exhibit E). Additionally, the CHEERS' brochure and web site, as well as the Natures Only web site, are replete with United States' addresses. Thus, Defendant CPB's contention that this case only involves foreign acts is simply untrue. This Court clearly has jurisdiction over this Lanham Act claim.

## CONCLUSION

For all of the reasons set forth above, Plaintiff Living Essentials respectfully requests that Defendant CPB's Motion to Dismiss be denied. Moreover, representing that CPB has never offered for sale or distributed the CHEERS product in the United States when at least one of its Sales Managers has clearly done so, should entitle Plaintiff to recover its costs and attorney fees for having to respond to this baseless Motion.

Respectfully submitted,

**BUTZEL LONG**

By: _____
    J. Michael Huget (P39150)
    Laurie J. Michelson (P47214)
    Michael Turco (P48705)
150 W. Jefferson, Suite 900
Detroit, MI 48226
(313) 225-7000
Attorneys for Plaintiff

Dated:    October 17, 2003

7



Natures™ Only

cheers™

Helps Avoid Hangovers

Helps avoid headaches and other discomforts by absorbing harmful elements in beer, liquor and wine.

Two captabs work for up to 6 drinks

FOOD SUPPLEMENT

4 CAPTABS

NEW  100% NATURAL



chaser™

Freedom from Hangovers

DIETARY SUPPLEMENT - NATURAL ORIGIN

Helps prevent headaches and other discomforts by absorbing harmful elements in beer, wine and liquor.*

Two caplets work for up to 6 drinks.

4 caplets 460 mg. each

NEW



Denise Thomas                                             April 1, 2003
4078 Hunter Circle East
Canton MI 48188

Dear Denise,

It was a pleasure to meet with you at Expo West in Anaheim. CPB International Inc is a progressive and quality supplier of bulk nutritional products. We actively search for new products which are both innovative and scientifically endorsed to promote better health and give our customers legitimate marketing support.

As mentioned, our Cheers™ help avoid hangovers. It has a unique blend of activated calcium, vegetable carbon and Lactobacilius Sporogenes. How it works is that the natural absorber is Vegetable carbon which has a fine network of pores on its internal surfaces. When you take the Cheers captab, the absorber lines your stomach creating a filter within your body. The filter traps all the "Bad" chemicals produced from the metabolism of alcohol. The "Eliminator" is the natural probiotic Lactobacilius Sporogenes which helps detox the body and eliminate these bad chemicals. The "Neutralizer is the natural calcium which helps neutralize the acidic pH in the body. (This information is for educational purposes only. It is not intended to treat, cure or prevent any disease)

I have listed pricing for your review. All pricing is based on final confirmation and is FOB PA.

CHEERS™ one case (60 boxes) $750.00
The brake down: Cards; each Card supplies 4 caplets.
One card is $1.25= 15.00/per box (12 cards to a box)
The suggested retail price is $2.99 per card

Denise, I have enclosed a sample of Cheers. The minimum order is 2 cases. I look forward to working with you. We look forward to building a long lasting relationship with you. For your review, I am enclosing additional information on some other finished products that CPB can offer you.

Should you need anything please contact me at 888-539-9781 ext 229. Thank you.

Sincerely,


Lysa J. Bloch
Sales Manager
CPB INTERNATIONAL, INC.

---

**CPB INTERNATIONAL, INC.**

3 Golden Slipper Road • Bartonsville, PA 18321          Tel: (570) 629-0700 / (888) 539-9781
E-mail Address: info@cpbweb.com                         Fax: (570) 629-2100
www.cpbweb.com



CPB INTERNATIONAL, INC
3 Golden Slipper Road
Bartonsville, PA  18321

Denise Thomas
4078 Hunter Circle East
Canton, MI 48188

PB8703601
42500 1.06 APR 01 03
4476                    18321

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS.,
a Michigan corporation,

        Plaintiff,

    v.

NATURES ONLY, INC.
a California corporation,
CPB INTERNATIONAL, INC.
a Pennsylvania corporation
PHARMED MEDICARE,
a New York corporation,

        Defendants.

Case No. 03-71666
Hon. John Corbett O'Meara
JURY TRIAL DEMANDED

_____

## DECLARATION OF THOMAS F. MORSE

STATE OF MICHIGAN    )
                  )ss
COUNTY OF OAKLAND    )

Thomas F. Morse declares as follows:

1.    I have personal knowledge of the facts stated in this Declaration, and if called and sworn as a witness, I could and would competently testify thereto under oath.

2.    I am the President of Innovation Ventures, LLC d/b/a Living Essentials and I make this Declaration in support of Plaintiff's Opposition to Defendant CPB International, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction.

3.    Living Essentials does extensive advertising and promotion of the CHASER product — including radio, television, print and billboards. An important component of this advertising is

its inclusion of the CHASER packaging. The CHASER product is also promoted at the major health-product Trade Shows, such as the Natural Products Expo East and West.

4.    In March 2003, I attended the Expo West Trade Show in Anaheim, California where Living Essentials was promoting its CHASER products. Representatives of CPB were also there promoting and offering for sale the Defendants' competing CHEERS product in packaging virtually identical to the CHASER packaging.

5.    I have also attended several international trade shows at which the CHEERS product (and brochure) was being promoted and samples distributed to United States customers and consumers. At one of those trade shows, the principle of Defendant PharmMed Medicare, Sundeep Aurora, gave me his business card which included a New York address for his Company. While at these trade shows, I was approached by numerous people who confused the CHEERS product and our CHASER product.

6.    Also in 2003 I became aware of the CHEERS web site that was accessible to me in the United States and that promotes the CHEERS product in the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

This 16th day of October, 2003.

Thomas F. Morse

2

FRONT

**SUNDEEP AURORA**
President



**PHARMED MEDICARE**
PHARMED GARDENS
WHITEFIELD ROAD
BANGALORE-560 048

Ph . (+91-80) 841 0158, 841 0226, Direct : 841 0280 Fax . (+91-80) 841 0177
Email : pharmed@vsnl.com; Website : www.pharmedmedicare.com

Amsterdam

BACK

**SUNDEEP AURORA**
565, West End Avenue
Suite 3A
New York, NY 10024 USA
Phone : (212) 580 3157
Fax    : (212) 580 3157
Email : pharmtrox@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
-----------------------------------------------------X
INNOVATION VENTURES, LLC d/b/a          CASE NO. 03-71666
LIVING ESSENTIALS,

                            Plaintiff(s),

    -against-

NATURE ONLY, INC., **ET AL.**,

                        Defendant(s).          **AFFIDAVIT OF SERVICE**
-----------------------------------------------------X
STATE OF NEW YORK   )
                      :
COUNTY OF NEW YORK  )

     RANDY BARONA, being duly sworn, deposes and says that he is
employed by KEATING & WALKER ATTORNEY SERVICES, INC., is over the
age of eighteen years and is not a party to the action.
     That on the 19th day of May, 2003, at approximately 7:20 p.m., deponent
served a true copy of the SUMMONS AND VERIFIED COMPLAINT, CIVIL
COVER SHEET, AND A STATEMENT OF DISCLOSURE OF
CORPORATE AFFILIATIONS AND FINANCIAL INTEREST upon
PharMed Medicare at 565 West End Avenue, Suite 3A, New York, New York by
personally delivering and leaving the same with "John Doe", doorman and a
person of suitable age and discretion at that address. At the time of service I asked
the doorman to call Suite 3-A. I asked him to confirm the name of the occupant,
which he did. He informed me that it was the Sundeep apartment. The doorman
called the apartment. I was given the phone and spoke to a man who answered
"Yes" when I asked him if he is Mr. Sundeep. I explained to him that I had legal
papers to serve to him on behalf of PharMed Medicare. He suddenly said that he
was not Mr. Sundeep, that he was out of the country. He went to say that I should
leave the documents with the doorman, and he would pick them up later. He did
not want to come down and get the papers at that time, nor would he allow me up
to deliver them. I left the documents with the doorman but he refused to divulge
his name.

(1)

"John Doe" is an Asian male, approximately 50-52 years of age, is approximately 5 feet and 7 inches tall, weighs approximately 140-145 pounds, with short black hair, and brown eyes, and was wearing glasses.

_____
RANDY BARONA # 1000417

Sworn to before me this
27th day of May, 2003

_____
NOTARY PUBLIC

Michael Keating
Notary Public, State of New York
Reg. No. 01-KE-4651360
Qualified in Queens County
Certificate Filed in New York County
Commission Expires February 2, 2006

**RECEIVED**

JUN 0 2 2003

DENISE E. GAU

(2)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS.,
a Michigan corporation,

     Plaintiff,

  v.

NATURES ONLY, INC.
a California corporation,
CPB INTERNATIONAL, INC.
a Pennsylvania corporation
PHARMED MEDICARE,
a New York corporation,

     Defendants.

_____/

Case No. 03-71666
Hon. John Corbett O'Meara

BUTZEL LONG
By: J. Michael Huget (P39150)
   Laurie J. Michelson (P47214)
   Michael Turco (P48705)
150 W. Jefferson, Suite 900
Detroit, MI 48226
(313) 225-7000
Attorneys for Plaintiff

GIFFORD, KRASS, GROH, SPRINKLE,
ANDERSON & CITKOWSKI, P.C.
By: Douglas W. Sprinkle (P25326)
280 N. Old Woodward, Suite 400
Birmingham, MI 48009
(248) 647-6000
Attorneys for Defendants

_____/

## PROOF OF SERVICE

STATE OF MICHIGAN   )
          )SS
COUNTY OF WAYNE   )

Terri L. Nelson, being duly sworn, deposes and says that on the 17th of October, 2003, she served a copy of:

**Plaintiff's Opposition to Defendant CPB International, Inc.'s Motion to Dismiss**

**and this Proof of Service**

in the above-entitled matter upon Douglas W. Sprinkle via U.S. Mail and via facsimile to (248) 647-5210.

Terri L. Nelson
Terri L. Nelson